THE ILLINOIS CENTRAL RAILROAD COMPANY
*v.*
LAURA ATWELL, Admx.

*Opinion filed October 25, 1902.*

1. MASTER AND SERVANT—*facts to be considered as to hazard in obeying command.* Where a section man is struck by a train and killed. while obeying the foreman's order to get a hand-car off the track, the question whether the risk of obedience was so great that an ordinarily prudent man would not have incurred it must be determined by the jury upon a consideration of all the surrounding conditions, including the order given; the habit and duty of obedience; the suddenness of the order; the darkness and fog, and the fact that from his position he could not see the train.

2. SAME—*when foreman and section hand are not fellow-servants.* If the death of a section hand results from an improper exercise of the section foreman's power of command, the negligence of the° foreman cannot be said to be the negligence of a fellow-servant.

3. TRIAL—*court not bound, of its own motion, to instruct jury as to improper testimony.* If improper testimony is admitted without objection and no effort is made to have it excluded from the jury, it is not ground for complaint that the court did not, of its own motion, instruct the jury specially, for the purpose of obviating the effect of such testimony.

*Illinois Central Railroad Co.* v. *Atwell,* 100 Ill. App. 513, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. O. A. HARKER, Judge, presiding.

W. W. BARR, (J. M. DICKINSON, of counsel,) for appel-
lant.

WILLIAM A. SCHWARTZ, and ANDREW S. CALDWELL,
for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The Appellate Court for the Fourth District affirmed
a judgment recovered by appellee, as administratrix of
the estate of George Atwell, deceased, against appellant,
in the circuit court of Jackson county, for pecuniary
damages resulting to the widow and next of kin from the
death of said George Atwell, which was alleged to have
been caused by the negligence of appellant.

The defendant offered no evidence, but at the con-
clusion of the evidence introduced by plaintiff asked the
court to direct a verdict of not guilty. The court re-
fused the request, and the question whether the court
erred in such refusal is the principal question in the case.

The facts proved on the trial were in substance as
follows: George Atwell was employed by the defendant
as a section hand at Carbondale. Between three and
four o'clock on the morning of February 8, 1901, he was
called by the section foreman and directed to call some
of the other section hands, which he did. The occasion
for calling out the men at that time in the morning was
to repair a broken switch about three-quarters of a mile
from the depot, in the north yards, and they went with
the foreman to that place on a hand-car. When they ar-
rived it was found that a new switch point was needed,
and by direction of the foreman they went farther north
with the hand-car to get the necessary tools and the
switch point. They first went to the tool house, about
five hundred feet north of the place where the switch
was torn up. There they got the necessary tools and
put them on the car and went back south about two hun-

dred feet, where they left the hand-car on the track and went to get the switch point, which lay among some railroad iron about forty feet east of the track. The switch point was about fifteen feet long and weighed two hundred and sixty pounds. They had brought it part way and were all helping to carry it when a whistle was blown, and the foreman called to them that the train was coming and to come and get the car off the track quick. It was then twenty minutes after four o'clock of a dark and foggy morning, and there was a coal house situated so that the men could not see an approaching train from the place where they were. They ran to the track, and the foreman and three of the men got over on the west side and pulled one end of the hand-car off. Two of the men did not attempt to cross, as there was not time enough, but Atwell, who was behind, came running and passed them, and just as he stepped one foot over the east rail of the track to get hold of the car the train struck him. The men on the other side jumped back at the same time and escaped injury. The train was running about thirty-five or forty miles an hour, and the hand-car was demolished and Atwell was thrown about thirty-five feet and killed. The men could not see the train, on account of the coal house, until they reached the track.

The first count of the declaration charged the defendant with carelessly and improperly driving and managing the locomotive engine and train, and there was no evidence tending to support that charge. The second count charged the defendant with negligence of its section foreman in negligently and improperly commanding the section laborers to run and get the hand-car off the track, and we think it manifest, from the above statement of facts proved, that the court was right in refusing to direct a verdict upon the issue formed under that count. The order was improper and was negligently given by the foreman, without due regard to the safety

of the men under his command. By the order he exposed them to great peril, and it resulted in the death of Atwell. This does not appear to be denied, but it is urged that the evidence failed to show that Atwell was in the exercise of ordinary care for his own safety. Counsel say that the hazard and risk involved in obedience to the order were so great that a man of ordinary prudence would not have undertaken it, and that the command was unreasonable and the peril and danger so great that Atwell was not bound to obey it. It is true that the servant must act with that degree of care which an or- dinarily prudent man would exercise under the same circumstances, but he is to be judged by all the circum- stances and in view of the order of the master. The servant owes the duty of obedience to the commands of the master, and if he is ordered to perform an act he does not assume the risk of obeying the order unless the risk is so great that a man of ordinary prudence would not encounter it. (*Offutt* v. *World's Columbian Exposition*, 175 Ill. 472; *Gundlach* v. *Schott*, 192 id. 509.) The jury were to judge of Atwell's conduct by considering the order given; the habit and duty of obedience to orders generally; the suddenness with which he was called upon to act, with the consequent lack of time for de- liberation; the darkness and fog; the fact that from his position he was unable to see the approaching train, and all the surrounding conditions. The court would not have been justified in taking the case from the jury on the ground that the evidence did not tend to prove ordi- nary care on his part.

Again, it is insisted that the negligence charged is the negligence of a fellow-servant, and therefore plain- tiff could not recover. While the foreman and Atwell may have been, in many respects, fellow-servants, they were not in that relation as to the exercise of authority by one over the other. The injury resulted from the im- proper exercise of the foreman's power to command, and

in respect to the exercise of such power they were not fellow-servants. *Chicago and Alton Railroad Co.* v. *May,* 108 Ill. 288.

There was no error in refusing to direct a verdict.

There are some general criticisms of the instructions given at the request of the plaintiff, but they were the usual and approved statements of the law in cases of this character. It is not complained that the court refused any instruction asked by the defendant, and the only thing really insisted upon with respect to the instructions is, that the court ought to have enlightened the jury more particularly on the question of the measure of damages in view of misleading and prejudicial evidence before the jury affecting that question. The evidence referred to was the testimony of the plaintiff, who was the widow of Atwell, to the effect that her health was bad and that she had no income or means of support from any source. The evidence was incompetent, and if it had been objected to would certainly have been excluded. (*Illinois Central Railroad Co.* v. *Baches,* 55 Ill. 379; *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Powers,* 74 id. 341; *Chicago and Northwestern Railroad Co.* v. *Moranda,* 93 id. 302; *Chicago, Peoria and St. Louis Railroad Co.* v. *Woolridge,* 174 id. 330.) Defendant might have prevented such evidence going to the jury, but made no objection to it and did not prepare or ask for any instruction with respect to it. It was not the duty of the court, of its own motion, to instruct the jury specially for the purpose of obviating the effect of evidence admitted without objection. Defendant might have asked and obtained such proper instructions concerning the evidence, or its proper relation to the question of damages, as it saw fit.

There is no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*