Urban E. Kennedy, Appellee, v. Swift and Company, Appellant.

1. MASTER AND SERVANT—*effect of joint negligence of former and fellow-servant.* A master is liable for his negligence notwithstanding the injury may have been contributed to by the negligence of a fellow-servant.

2. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* A servant injured while carrying out the command of his master is not subject to the application of the doctrine of assumed risk, if in obeying such command he acts with that degree of prudence that ordinarily prudent men would have observed under the same circumstances.

3. ORDINARY CARE—*what competent upon question of.* Upon the question of the exercise of ordinary care it is competent to show the lack of experience of the servant.

. 4. APPEALS AND ERRORS—*when rulings not subject to · review.* Rulings to which no exceptions have been preserved will not be considered on review.

5. AMENDMENTS AND JEOFAILS—*propriety of, after verdict.* It is within the discretion of the trial judge to permit the declaration to be amended after verdict in order that it may conform to the proof.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

C. E. POPE, for appellant.

KEEFE & SULLIVAN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair county, by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant. Trial by jury. Verdict in favor of appellee for $3,000. *Remittitur*, $1,000. Judgment on the verdict for $2,000.

The declaration consists of two counts. The first count is based upon the charge that appellant ordered appellee and other of its servants to perform certain work in an unusual and dangerous manner, whereby appellee was injured, and the second count is based upon the charge that appellant furnished appellee and certain other of its servants with a defective and dangerous appliance with which to perform certain work imposed upon them to be performed, by means whereof appellee was injured.

The evidence tends to prove that appellee had worked in appellant's plant for several months at one time prior to his employment at the time he was injured; that during his former employment he worked as an oiler and machinist's helper in the various parts of the plant where his services were required; that he re-entered appellant's employ on the day he was injured, and on that day was engaged in carrying stock as it was required from appellant's storehouse to the portion of the plant in which he was injured; that appellant, through its foreman, was on that day engaged in raising and fastening a block and fall, used for lifting heavy weights, to the upper part of that portion of appellant's plant called the commercial fertilizer, preparatory to installing machinery therein; that this block and fall was made of iron and weighed 175 pounds; that the proper and usual way of raising this appliance to that height was to use a small block and tackle, which at the time of the injury was conveniently at hand; that instead, however, of using a small block and tackle, the foreman ordered the men to place a

plank one foot wide and two inches thick across two sills, twelve feet above the floor, the span between the sills being about eight feet; that appellee and another servant were ordered by the foreman to go upon the board and raise the block and fall with their hands and hold it above their heads, while two other servants whom the foreman had sent upon the roof would fasten it in place by means of a rope; that the block and fall had a hook at the top, which at the time they started to raise the block was hooked over the rope, the ends of which were held by the men on the roof; that as appellee and his companion raised the block and fall, the men on the roof took up the slack in the rope; that the hook that was in use on this block and fall had been strained and partially straightened; that the condition of the hook was not known to appellee, and he had neither time nor occasion to examine it; that as soon as he got upon the board he and his companion began to lift the block between them, and raised it up until they had it as high above their heads as they were able to reach; that the weight was so great that they were unable to support themselves and hold it steady and it swerved or tilted and the defective hook released the rope and the block and fall fell, breaking the board upon which appellee and his companion were standing and throwing appellee upon a hard floor twelve feet below, breaking his right wrist, badly spraining his left wrist and seriously hurting his tongue.

Counsel for appellant contends that the trial court erred in refusing to direct the jury to find for appellant, and says: "The evidence conclusively shows that the injury in this case was caused solely by one of two things. Either the block and fall was raised or the rope lowered sufficiently to let the hook of the chain block fall out of the loop of the rope from which it was suspended. In either event there can be no recovery of damages, as the injury was the result of contributory negligence on the part of appellee or

his fellow-servants. And while the question of contributory negligence is ordinarily one for the jury, yet when there is no conflict in the evidence and the court can see the injury was the result of contributory negligence of the party injured or his fellow-servant, a verdict should be directed for defendant."

To our minds the evidence clearly tends to prove, and we think the jury was warranted in finding, that the defendant, through its foreman, was guilty of negligence in ordering appellee and the other servants to do the work in hand in the manner in which he directed them to do it, and that the mode selected was an unusual and unreasonably dangerous mode to adopt under the circumstances, and also that the hook in use on the occasion was defective and dangerous to be used in the manner it was then being used, and that appellee was in the exercise of due care and caution for his own safety. In such case it is not material whether the two fellow-servants on the roof negligently allowed the rope to slack or not, for the law is: "Where a servant is injured through the joint negligence of the master and a fellow-servant, the master cannot escape liability on the ground that a fellow-servant also contributed to the injury." The Pullman Palace Car Co. v. Laack, 143 Ill. 242; Missouri Malleable Iron Co. v. Dillon, 206 Ill. 145.

Counsel further contends that appellee assumed the risk, and cites the following well-established rule in support of his contention, viz.: "A servant assumes not only the ordinary risks of his employment, but also all dangers which are obvious and apparent, and if he voluntarily enters into or continues in the service, knowing or having means of knowing its dangers, he is deemed to have assumed the risk and to have waived all claims against the master for damages in case of personal injury resulting from such danger."

The rule relied upon by counsel is not applicable to the facts of this case. The facts of this case bring it within a principle of law which may be stated as

follows: "Where an act is performed by a servant in obedience to a command from the master, or one authorized by the master to command, and the act is attended with a degree of danger, it is not requisite that such servant shall balance the degree of danger and decide with absolute certainty whether he must do the act or refrain from doing it, and his knowledge of the attending danger will not defeat his right of recovery, if, in obeying the command of the master, he acts with that degree of prudence that ordinarily prudent men would have observed under the same circumstances." Anderson Press Brick Co. v. Sobkowiak, 148 Ill. 574; Illinois Steel Company v. Schymanowski, 162 Ill. 477; Offut v. Columbian Exposition, 175 Ill. 472; Graver Tank Works v. O'Donnell, 191 Ill. 236; Illinois Steel Company v. McFadden, 196 Ill. 344; I. C. R. R. Co. v. Atwell, 198 Ill. 200; I. C. R. R. Co. v. Sporleder, 199 Ill. 184; Pressed Steel Car Company v. Herath, 207 Ill. 580; Springfield Boiler and Mfg. Co. v. Parks, 222 Ill. 358. And, further, the evidence tends to prove that the defect in the appliance, upon which the second count of the declaration is based, was not known to appellee, and was not obvious and apparent. We are of opinion that the trial court did not err in refusing to direct a verdict in favor of appellant.

Counsel complain of a number of rulings of the trial court with respect to the admission of evidence. Appellee was allowed to state, while testifying in his own behalf, that he had "never been employed in doing any work of that character." This, counsel insist, was material error.

In answer to the preceding question, appellee had stated that during the eight months' time he had worked for appellant he had no occasion to use a block and fall; and on cross-examination he stated, "I never saw the block and fall during the eight months I worked for Swift & Company (appellant), and I never saw one similar to this one, there." All this was rele-

vant and proper to be admitted, as tending to prove due care on his part.

Appellee and another witness were permitted to testify that appellee's companion wanted to lift the block and fall with a small block and tackle, and had one there ready for that purpose, and that the foreman told him to put it back there and lift with their hands. This, counsel contends, "was manifestly improper." In this same connection there was evidence tending to prove that the usual and customary method of raising the block and fall to such height as it was being raised on this occasion was by the use of a small block and tackle, and that this method was a safe method, and the declaration charged that such was the "proper, safe and usual way," but that appellee's foreman negligently refused to allow the work to be done in this proper, safe and usual way, and ordered and directed it to be done in the dangerous manner in which it was done, as above stated. We think every feature of this evidence was directly relevant, and that it was properly admitted.

It is also contended that the trial court erred in admitting certain parts of the testimony of one of the physicians, Dr. Haggerty. This contention we are not called upon to discuss, for the reason that the abstract does not show that any exception was taken to its admission. It is true that counsel objected to it, but the court made no ruling and no exception was taken. To avail, on appeal, of an objection made in the trial court, one must insist upon a ruling and get it, and except to the ruling, or if the court will not make a ruling, except to the court's refusal to rule.

We are of opinion the court did not commit material error in the giving and refusing of instructions. The instruction given on behalf of appellee states the law correctly as to the measure of damages, and, we think, is clearly within the evidence. A number of instructions asked by appellant were refused, but the twenty-one that were given fully cover every material feature

of the defense, and they include all that is proper in the refused ones.

After verdict and pending the motion for new trial appellee by leave of court amended the first count of the declaration. Counsel for appellant insist that the court should have granted his motion for new trial, to afford him an opportunity to plead to the amended count. The statute authorizes amendments at any time before final judgment, and this amendment was within the evidence, and, further, the amendment was wholly unnecessary to the sustaining of the verdict as to the count amended as it stood before it was amended.

We find no reversible error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*