Mary E. Lee, Administratrix, Defendant in Error, v. Toledo, St. Louis and Western Railroad Company, Plaintiff in Error.

1. DEATH, § 48*—*admissibility of evidence.* In an action by widow to recover for the death of her husband, permitting plaintiff to prove that she had no means of support other than that furnished by her deceased husband, *held* error. The limit of inquiry along this line is as to the earning capacity of the deceased and his contribution to the support of his family.

2. DEATH, § 73*—*when instruction not based on evidence erroneous.* In an action against a railroad company to recover damages for the death of a fireman, an instruction permitting recovery for negligence of the engineer *held* improper where there was no proof upon which to base the conclusion that engineer acted improperly in the operation of the engine or that his conduct in anyway contributed to the death of plaintiff's intestate.

3. DEATH, § 73*—*when instruction asking jury to consider all the evidence improper.* In an action for death, an instruction given for plaintiff *held* objectionable in asking the jury to consider, in determining as to the measure of damages, all the evidence, there being improper evidence admitted on the part of the plaintiff.

4. DEATH, § 73*—*when requested instruction improperly refused.* In an action against a railroad company for death of a fireman occasioned by derailment, a requested instruction for defendant that, "If, from the evidence in this case, you are unable to say, under

your oaths as jurors, what caused the derailment of the engine, then the court instructs you to find the defendant not guilty," *held* improperly refused.

5. DEATH, § 73*—*when refusal of requested instruction is error.* In an action for death, refusal of a requested instruction on question of proof of the cause of the injury and defendant's negligence, *held* error.

6. TRIAL, § 233*—*when error to permit jury to take pleadings to the jury room.* In an action for death, *held* error to permit certain counts of the declaration to be taken by the jury to the jury room without some explanation or instruction where there is no proof to support the theory of such counts. As a general rule, where any of the pleadings are permitted to go to the jury the whole of the pleadings should go.

Error to the Circuit Court of Coles county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

A. J. FRYER and C. E. POPE, for plaintiff in error; CHARLES A. SCHMETTAU, of counsel.

S. S. ANDERSON and H. A. NEAL, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This is a writ of error sued out by the plaintiff in error to bring into review a judgment entered in the Circuit Court of Coles county, in the sum of seven thousand five hundred dollars in favor of the defendant in error and against the plaintiff in error, in a suit wherein the defendant in error brought the action to recover for the death of her husband, and which suit was prosecuted under the Employer's Liability Act of the United States.

The declaration contains four counts. The first count alleges, in substance, that Robert E. Lee, plaintiff's intestate, was the husband of the defendant in error; that he was employed as a fireman on the engine pulling a train belonging to the plaintiff in error working on a division of the road which extends from

*See **Illinois Notes Digest, Vols. XI to XV,** same topic and section number.

Charleston, Illinois, to Frankfort, Indiana; that while he was so employed it became the duty of the plaintiff in error to provide him with a reasonably safe place in which to work; that the plaintiff in error neglected its duty in this respect and failed to furnish the deceased a safe place in which to work, but furnished to the deceased an unsafe track upon which the train was run and upon which he was working, to wit, a track with insufficient rails, decayed cross-ties, the nails being insecurely spiked, by reason of which the track spread and the engine of the plaintiff in error, upon which the deceased was working, turned over and fell upon the deceased and killed him; that the deceased was a married man, having a wife and two children, and was earning one hundred dollars per month at the time of his death.

The second count was practically the same as the first, except that it averred that the engine used in propelling the train upon which deceased was working was of the weight of fifty tons, and that said engine by reason of its great weight, when attached to a light train, was wholly unfit for such service and endangered the life of the deceased; that the deceased had taken the examination and was admitted to the roll of eligible engineers and, when so employed, to a salary of one hundred and fifty dollars per month.

The third count charges that it was the duty of the plaintiff in error to furnish a safe place for defendant in error's intestate to work and a safe engine upon which to work, but that the plaintiff in error utterly failed so to do; that the plaintiff in error furnished a defective engine upon which the deceased was required to ride and work as such fireman; "that the springs supporting the boiler and frame of said engine were broken and the springs over the front driving wheels were rendered ineffective and useless by having placed beside them, upon the driving box of said engine, beside said front driving wheels, beneath the frame of said engine, solid blocks of iron, to-wit: of the thick-

ness of three and one-half inches, removing the weight of the wheels off the pony trucks, and causing them to leave the rails of the said railroad upon which said engine the plaintiff's intestate was required to ride as such fireman, in the transaction of the business of the defendant in the carrying of passengers between the State of Illinois and Indiana; that by reason of such defective engine, broken springs, etc., the engine was thrown from the track and overturned, and the plaintiff's intestate, by reason of the overturning of the said engine, was scalded and burned, thereby causing his death."

The fourth count, in addition to the allegations mentioned in the first count as to the defective track, ties, rails, etc., averred that the plaintiff in error had in its employ and service at the time of the injury one C. S. Bennett, who, as such servant of the plaintiff in error, by the direction of the plaintiff in error, alone had charge of the said engine as locomotive engineer; that it was then and there the duty of the said Bennett, so in charge and having sole management of said engine and sole control of the speed of the said engine, to operate the said engine at a reasonable rate of speed, yet said Bennett carelessly and negligently ran said engine on the said track at a dangerous and reckless rate of speed at, to wit, fifty miles per hour, and caused the said engine to leave the said track, overturn and crush, scald and cause the death of the defendant in error's intestate.

Each count pleads the Federal Employer's Liability Act.

To the declaration a plea of the general issue was filed.

Upon the trial of the cause numerous objections were offered on behalf of the plaintiff in error to the evidence introduced by the defendant in error, but we do not deem it proper to discuss the weight of the evidence in the cause, for the reason the judgment must be reversed upon other grounds.

It is urged by the plaintiff in error that upon the trial of the cause the defendant in error was permitted to prove that she had no means of support other than that furnished by her said deceased husband. The objection to this evidence should have been sustained. The limit of inquiry along this line is as to the earning capacity of the deceased and his contributions to the support of his family.

In no instance can the inquiry lead to the financial ability of the widow or next of kin. This doctrine was announced in *Chicago & N. W. R. Co. v. Moranda,* 93 Ill. 302, in the following language: "It is error to admit proof that the plaintiff and her children had no other means of support save that arising from his daily earnings."

In the case of *Brennen v. Chicago & Carterville Coal Co.,* 241 Ill. 610, the same rule is announced, as follows: "While it is erroneous to admit evidence of the resources of the widow or next of kin or their financial condition, it is not error to allow questions concerning the earnings of the deceased and whether the wife and children were supported by him." See also *Jones & Adams Co. v. George,* 227 Ill. 64 and *Illinois Cent. R. Co. v. Atwell,* 198 Ill. 200.

Objection is urged by plaintiff in error to the action of the court in permitting the declaration to be taken by the jury to the jury room and withholding from the jury the pleas of the plaintiff in error.

As a general rule, where any of the pleadings are permitted to go to the jury, the whole of the pleadings should go. In this particular case it was error to permit the third and fourth counts of the declaration to go to the jury without some explanation or instruction, for the reason there is no proof to support the theory of such third count and the portion of the fourth count which alleged the accident occurred because of the high rate of speed and reckless operation of the engine.

Objection is made to the third instruction given on behalf of the defendant in error, and it is as follows:

"You are instructed that if you believe from the evidence that Robert E. Lee, plaintiff's intestate, was an employe of the defendant and that the defendant was a common carrier by railroad engaged in commerce between the State of Illinois and the State of Indiana, and that while in the employ of the defendant, said Robert E. Lee was injured, scalded and burned by reason of the engine of the defendant getting off the track and overturning, as in plaintiff's declaration alleged, and that from such injuries said Robert E. Lee died, as alleged in plaintiff's declaration, and that such injuries were caused in whole or in part from the negligence of C. S. Bennett, an engineer in the employ of the defendant, or by reason of the defect in the track or roadbed of the defendant due to the negligence of the defendant, as alleged in the declaration or any count thereof, then you should find the defendant guilty and assess the plaintiff's damages at such sum as you believe from the evidence she is entitled to, not exceeding the amount claimed in the declaration."

This instruction is subject to the objection that there is no proof in the record upon which to base a conclusion that the engineer, Bennett, acted improperly in the operation of the engine, or that his conduct was in any manner improper or contributed to the injury to defendant in error's intestate.

The form of instruction six, given at the request of the defendant in error, is, to say the least, questionable; and instruction number seven, also given at the request of the defendant in error, is subject to objection because reference is made, and the jury are asked to consider, in determining as to the measure of damages, all of the evidence which, of course, included the improper evidence admitted on the part of the defendant in error.

Other instructions are subject to the same objections, and to others which we do not deem it necessary to particularly name and point out.

Instruction number eleven, asked by the plaintiff in error, and by the court refused, is as follows:

"If, from the evidence in this case, you are unable to say, under your oaths as jurors, what caused the derailment of the engine, then the court instructs you to find the defendant not guilty."

This instruction states a correct principle of law and should have been given.

Objection is made by the plaintiff in error as to the action of the court in refusing to give instruction fifteen asked in its behalf, which is as follows:

"The Court instructs the jury that under the law it is not enough for a plaintiff, in order to recover damages, to merely prove that an injury or death resulted from defects or insufficiency in defendant's cars, engines, appliances, machinery, roadbed, works, boats, wharves, or other equipment; but before a recovery can be legally had under the law applicable in this case, it must appear from a preponderance of the evidence that the defect or insufficiency in the cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment was due to the negligence of the officers, agents or employes of the defendant, and if you believe from the evidence in this case that the engine, appliances, machinery, track, roadbed or other equipment of the defendant was not due to any negligence on the part of the defendant's officers, agents or employes, then the court instructs you that the defendant in this case would not be liable under the first, second or third count of the declaration."

We are inclined to the opinion instruction fifteen should have been given, and that it was error to have refused it.

For the reasons given the judgment will be reversed and the cause remanded.

*Reversed and remanded.*