## City of Chicago v. Anna Hogan.

1. APPELLATE COURT PRACTICE—*Objections which Come too Late.*— Where a suit is begun and prosecuted to judgment by a minor, without the intervention of a next friend, an objection for this cause, made for the first time in the Appellate Court, and after such minor had attained her majority, comes too late.

City of Chicago v. Hogan.

2. SAME—*Objections to Evidence to be Made in the Trial Court or Considered as Waived.*—Objections to evidence on the ground of its being incompetent can not be raised for the first time upon appeal. If not made in the trial court the objection will be treated as having been waived.

3. PRACTICE—*Failure to Ask Instructions.*—Where the trial judge, in ruling upon the competency of evidence, stated that he would so instruct the jury, the party affected by such ruling can not complain that this was not done, unless he shows by the record that the court was called upon thus to instruct the jury and refused to do so.

4. NEW TRIALS—*For Newly Discovered Evidence—Diligence Must be Shown.*—A new trial will not be allowed because of newly discovered evidence, where requisite diligence to discover such evidence has not been shown, even though such evidence might materially lessen the amount of damages upon another trial.

**Trespass on the Case,** for personal injuries. Rehearing on remanding order from the Supreme Court. Formerly reported in 59 Ill. App. 446. Affirmed. Opinion filed March 14, 1899.

MILES J. DEVINE, attorney for appellant; J. B. O'CONNELL, of counsel.

RUSSELL M. WING and LOREN C. COLLINS, attorneys for appellee.

The neglect or omission to argue a question properly assigned as error upon the record has uniformly been treated and held as an abandonment of that question. City of Mt. Carmel v. Howell, 137 Ill. 91, 93; Chicago City Ry. Co. v. Van Vlick, 40 Ill. App. 367; Armstrong v. Barrett, 46 Ill. App. 193; Fidelity & Casualty Co. v. Waterman, 161 Ill. 637.

It is the general doctrine that new trials will not be granted to enable a party to introduce evidence merely cumulative in character. Petefish, Skiles & Co. v. Watkins, 124 Ill. 390, citing Schlencker v. Risley, 3 Scam. 483; Crozier v. Cooper, 14 Ill. 139; Skelly v. Boland, 78 Ill. 438; Laird v. Warren, 92 Ill. 204; McCollom et al. v. Indpls. & St. Louis R. R. Co., 94 Ill. 534; Knickerbocker Ins. Co. v. Gould et al., 80 Ill. 395; Abrahams v. Weiller, 87 Ill. 179; Jacobson v. Gunzburg, 150 Ill. 137.

The objection that the suit was improperly brought by a

minor in not suing by a next friend or guardian, can not be taken advantage of for the first time in the Appellate Court. The objection should have been raised in the court below before the trial. Helmuth et al. v. Bell et al., 49 Ill. App. 626; 150 Ill. 268.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This case was here once before (59 Ill. App. 446), and from the judgment of reversal, without remanding, then entered, because, as we thought, the city was under no duty in the premises, it was taken to the Supreme Court (168 Ill. 551), and by that court was remanded to this court, for further consideration.

The facts are made to appear in the statement of the case preceding the opinion of the Supreme Court, and need not be repeated. The verdict in the Circuit Court was for $20,000, and, a remittitur being entered, the judgment for $15,000 appealed from was rendered.

It is urged, without citation of authority, that because the suit was begun when appellee was a minor, in her own name and without the intervention of a next friend, the judgment must be reversed.

The accident happened and the suit was begun when the appellee was sixteen years old, in the year 1891. The judgment was recovered in December, 1894, when she was nineteen and a half years of age.

Had the point been made in the trial court during her minority, it would have been well taken, although then it could probably have been cured by amendment. But not being made until after judgment, when she was of lawful age, and being made for the first time in this court, it comes too late. McClay v. Norris, 4 Gil. 370; Helmuth v. Bell, 49 Ill. App. 626.

The refusal of the court to set aside the verdict and grant a new trial upon the ground of newly discovered evidence, based upon affidavits filed on behalf of the city, is claimed to constitute error for which the judgment should be reversed.

The tendency of the affidavits setting up the newly discovered evidence is to show that appellee was not so seriously injured by the accident as she claims to have been.   They recount her appearance and conduct in public places in apparently good health, both of mind and body, subsequent to the alleged injury and down to a period shortly before the trial.

From the number of affidavits filed and the circumstances detailed it is plain that the apparent physical and mental condition of the appellee, so set forth, must have been generally known in the neighborhood where she lived.   A reasonable amount of inquiry in such neighborhood would almost certainly have apprised the officers and agents of the appellants of everything set forth in the affidavits weeks and months before the trial took place.

It appears by the bill of exceptions that there was a previous partial trial of the case, during which the appellee fell in a fit in the court room, and it is stated in appellee's brief, and stands uncontradicted, that when the last trial came on it was agreed by counsel for the respective parties, in the presence and with the approval of the trial judge, that she should not be present at the trial.   From such circumstances it is manifest that appellant was informed in abundant season of the character of the injuries which should be attempted to be proved, at least in respect of such injuries as the affidavits filed have a tendency to rebut.

The only showing made in behalf of appellant to overcome this presumption of a lack of diligence on its part in securing at the trial the testimony of the several affiants, is contained in an affidavit by the assistant city attorney, who deposed that he had sole charge of the preparation of the case for trial, and tried the case both times, and "worked diligently to find out all the facts that could or might have any bearing upon the issues," and "that he did not know of the facts or matters set up in and by the affidavits filed in this cause upon the application for, and in support of the motion for a new trial of this case, before or at the time of said trial before Judge Dunne and a jury, but states the fact

to be that all the facts and matters contained in all the affi-davits filed in said cause in support of the motion for a new trial herein came to his knowledge a long time after the trial was concluded and a verdict rendered in said cause."

These statements are of conclusions only. There is noth-ing to show what diligence was used, or that reasonable dil-igence beforehand would not have disclosed everything that the affiants, who were neighbors and acquaintances of the appellee, depose unto. A new trial will not be allowed because of newly discovered evidence, where requisite dili-gence to discover such evidence before the trial has not been shown, even though such evidence might materially lessen the amount of damages upon another trial. Union Rolling Mill Co. v. Gillen, 100 Ill. 52; Crozier v. Cooper, 14 Ill. 139.

There was no error in refusing a new trial because of newly discovered evidence.

Another point made by appellant is that it was error to admit in evidence portions of a certain bond given to the city by James Kincade, the contractor who built the via-duct. Kincade and certain of his employes had testified for the city with reference to the putting up and maintain-ing of barricades at the end of the elevated sidewalk, to warn passers-by of the dangers of the situation, and turn them away from the hazard beyond. The parts of the bond that were permitted, over objection, to be read to the jury, provided that Kincade should erect and maintain strong and substantial barriers to effectually prevent acci-dents, etc., and would indemnify the city against liability by reason of default by Kincade in such respects. And the announced object of reading the same in evidence, and the sole ground of admitting the same, as held by the court, was to show the interest of the witness Kincade in the liti-gation, for the purpose of affecting his credibility as a witness.

We have examined the record with all the care the importance of the point suggests to us, and our conclusion is that if error there was in respect of it, there has been no adequate preservation of it in the record.

Such parts of the bond as were admitted in evidence

were offered upon cross-examination by appellee of Kincade, when he was being questioned concerning his interest in the litigation.

In the discussion that ensued between counsel and the court, the only objections by appellant were as follows, and, in point of time, in the following order :

" Objected to by counsel for defendant as it (the bond) is a part of the plaintiff's case in chief, and not a part of the cross-examination."

" Objected to by counsel for defendant;"

" Objected to by counsel for defendant as immaterial and not proper cross-examination;"

" General objection to the whole of it;"

" 1 object to the reading of it" (the bond);

" Counsel for defendant objects to the parts of the bond being read to the jury that have been marked by the court."

None of such objections raised the question of the competency of such evidence to show the interest of the witness.

Objections to evidence on the ground of its being incompetent can not be raised for the first time upon appeal. If not made in the trial court, the objection will be treated as having been waived. Doty v. Doty, 159 Ill. 46; Warren v. Warren, 105 Ill. 568.

Moreover, the trial judge expressly ruled that the bond was not competent in any respect, except as affecting the credibility of the witness, and that he would so instruct the jury, but appellant asked no instruction of that kind. " Appellant can not complain that this was not done, unless he shows by the record that the court was called upon thus to advise the jury, and refused so to do." Imperial Fire Ins. Co. v. Shimer, 96 Ill. 580.

Upon the subject of the amount of damages there can be but little said. If the appellee were injured as seriously and permanently in both mind and body, as the evidence tends to prove, the judgment is not excessive.

All other questions argued by the appellant have been discussed by the Supreme Court in its opinion (168 Ill. 551) and concluded favorably to the appellee, with reason and

authority beyond our power to add to, and we need only refer to that case for answer to all of appellant's contentions not above discussed.

Finding no available error in the record, the judgment is affirmed.