### Chicago and Alton Ry. Co. v. Rebecca Hatfield.

1. INSTRUCTIONS—*That Plaintiff Should Recover if He Has Proved His Case as Charged in the Declaration, Proper.*—An instruction which tells the jury that if they believe from the evidence that the plaintiff has proved his case as charged in the declaration, or in either count thereof, then they will find the issues for the plaintiff, is proper.

2. SAME—*Presumption that Court Would Have Given Proper Instructions Had They Been Requested.*—The jury should be instructed

regarding the burden of proof and preponderance of the evidence, and it is to be presumed that the court would have given such instructions had it been requested. The verdict will not be set aside in the Appellate Court because of an omission or oversight of the trial court which appellant knowingly or negligently permitted.

**Trespass on the Case,** for personal injuries. Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

CHARLES P. WISE, attorney for appellant.

J. V. E. MARSH and E. C. HAAGEN, attorneys for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

The declaration in this case contains three counts. The first charges that the defendant, on the 11th day of January, 1902, in the city of Alton, county of Madison, and State of Illinois, was possessed of and operating a railroad, running through a part of said city and county, and within a few feet of the passenger depot of the Chicago, Burlington & Quincy Railroad Company, in said city; that it was also possessed of and using certain tracks, diverging from its aforesaid track near said depot, all of said tracks being in a populous portion of the city, and running over a crossing then used by the public; that it also possessed certain locomotives and cars, which, under the care of servants of the defendant, it was engaged in switching along said railroad tracks, passing said depot and crossing aforesaid; that the servants of defendant, having an unobstructed view of said tracks, by the exercise of due care could have seen a certain railroad truck then standing between said track and said passenger depot, and protruding over said track; that it was the duty of defendant in switching said cars to do so with reasonable care for the safety of all persons rightfully on said premises; that the defendant, with great and gross carelessness, negligence and wantonness, made a running switch with certain freight cars at great speed along said track, and ran into said railroad truck in the day time, then standing between defendant's said track and the north wall of said depot. The said servants of defend-

ant, by reasonable diligence, could have discovered the dangerous position of the truck; that said truck was driven through the wall of said depot and struck plaintiff while she was waiting to go on a train of said C., B. & Q. Railroad. The second count differs from the first only in the additional allegation that there was no brakeman or other person on the forward end of the car that caught the truck. The third count in brief manner states the same cause of action, but omits the charge of gross negligence and willfulness.

Appellant concedes that " plaintiff's evidence tended to prove that the depot of the Chicago, Burlington & Quincy Railroad was in a populous portion of the city of Alton, being frequented by a number of people about train hours; that the car which collided with the truck was detached from the engine; that there was no switchman or brakeman on the car, and that the car was running from ten to fifteen miles an hour."

To this may be added that the evidence tended further to prove timely notice of the obstruction, or that the defendant's servants, in the exercise of ordinary care and watchfulness, should have observed the dangerous position of the truck in time to avoid the collision. Proof of this was required by the law. Whether the facts and circumstances in evidence were sufficient was a question for the jury.

The truck in question was in a position to obstruct the track. It was in no way obscured from the view of those whose duty it was to know that the track was clear. That the truck was an obstruction and in the way of the car is proved by the fact of a collision; but how and when it became an obstruction can only be determined, inferentially it may be, from the evidence of other facts and circumstances in the case, and this was the province of the jury.

The court properly refused peremptory instructions to find for defendant, and gave all other instructions tendered by appellant. Only two instructions were asked by the plaintiff, both of which were given. Error is assigned upon these. The objection urged by appellant relates to

that which is omitted, rather than to that which is contained in plaintiff's instructions, and as the objection is the same to both, we present only the first.

" 1. The court instructs the jury that if they believe from the evidence that the plaintiff, while in the exercise of ordinary care and caution for her own safety, was injured by or in consequence of the negligence of the defendant, as charged in the declaration, or in either one of the counts thereof, then you will find the defendant guilty."

As contended, neither of the plaintiff's instructions enlighten the jury as to the burden of proof or the necessity for a preponderance of the evidence to justify a finding. Nor is this proposition embodied in any of the refused or given instructions offered by the defendant. An instruction which tells the jury that if they believe from the evidence that the plaintiff has proved his or her case as charged in the declaration, or in either count thereof, then they will find the issues for the plaintiff, has been held unobjectionable by the Supreme Court in a number of cases. Mt. Olive Coal Co. v. Rademacher, 190 Ill. 538. Appellee was bound to prove her case by a preponderance of the evidence and the burden was upon her. That is conceded, but it does not follow that she was required to so announce in her instructions to the jury. Central Ry. Co. v. Bannister, 195 Ill. 48. Appellee's instructions do not purport to direct the jury as to the burden of proof or weight of evidence required as a basis of belief. This is altogether a different proposition with which the defense is more especially concerned, and in cases of this kind is usually found repeated in the defendant's instructions.

The jury should have been instructed respecting the burden of proof and preponderance of the evidence, and it is to be presumed the court would have given such instruction had it been requested. May the appellant now be heard to complain, and must the verdict be set aside, because of omission or oversight of the trial court, which appellant knowingly or negligently permitted? We think not. Chicago v. Keefe, 114 Ill. 222.

Judgment affirmed.