## Janett Grier, Executrix, Appellee, v. Catharine Barkley, Executrix, Appellant.

### Gen. No. 5,788.

1. EXECUTORS AND ADMINISTRATORS, § 265*—*when immaterial whether estate is testate or intestate.* Ordinarily in the trial of a claim against an estate it is immaterial whether decedent died testate or intestate.

2. EXECUTORS AND ADMINISTRATORS, § 269*—*what evidence immaterial to establish claim.* Neither the will of deceased nor the inventory of the estate are material on the question whether deceased owed money at time of his death.

3. EXECUTORS AND ADMINISTRATORS, § 270*—*when evidence sufficient to establish claim for loan.* Claim for money loaned *held* established where the evidence establishes the loan and there is no pretense that it has ever been paid.

4. EXECUTORS AND ADMINISTRATORS, § 270*—*admission of hearsay evidence as proof.* Hearsay evidence to the effect that a loan was made to deceased by her husband in consideration of her signing a contract to sell land, not proof of such fact though admitted without objection.

5. EVIDENCE, § 169*—*competency of admissions.* Admissions of one who is the sole party in interest are always competent.

6. APPEAL AND ERROR, § 1256*—*when appellant cannot complain of instructions.* Appellant cannot complain that the jury were not fully instructed where all instructions asked by him were given.

7. APPEAL AND ERROR, § 804*—*when evidence excluded must be preserved.* Alleged error in refusing to admit in evidence an in-

ventory of the estate of appellee's testator cannot be considered when such inventory is not incorporated, or its contents stated, in the bill of exceptions or anywhere in the record.

Appeal from the Circuit Court of Stephenson county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913. Rehearing denied and opinion refiled October 9, 1913.

R. R. TIFFANY and P. J. GEIB, for appellant.

W. O. ROBINSON, for appellee; WARREN B. WILSON, of counsel.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

On June 16, 1911, a claim was filed against the estate of Catharine Nesbitt, deceased, in the County Court of Stephenson county by appellee, consisting of the following items: 1908, March 31—To cash $1,024; 1909, March 22—To cash $1,000; 1909, October 8—To cash $1,000; 1910, March 7—To cash $2,552, which was allowed by said County Court on July 23, 1912, for $4,500. The matter of said claim was appealed to the Circuit Court where on a jury trial a verdict was rendered for the claimant for $500; a new trial was granted and the case was again tried in the Circuit Court and a verdict was returned for claimant for $5,500; a motion for a new trial was made by appellant and heard, and the claimant entered a remittitur of $1,000; the motion for a new trial was thereupon overruled and judgment entered against appellant for $4,500, from which this appeal is prosecuted.

It appears that the deceased, Catharine Nesbitt, and Alexander Nesbitt, of whose will Janett Grier is executrix, were married and lived together for several years and up to the time of Mrs. Nesbitt's death which occurred about a month prior to the death of Alexander Nesbitt, and that Catharine Nesbitt had previ-

ously been the wife of one Zimmerman, who died leaving her by his will a farm, which had been during Zimmerman's lifetime mortgaged for $5,500 to one Smith, and that the mortgage was unpaid at the time of Zimmerman's death, so that it was a debt against the Zimmerman farm at the time of Zimmerman's death, and Mrs. Zimmerman took the farm with the mortgage still unpaid, and as it appears Mrs. Zimmerman still owed the mortgage at the time of her marriage to Alexander Nesbitt. Out of the existence of that mortgage the present claim arises. It is clear from the evidence that Catharine Nesbitt got the money from Alexander Nesbitt, her husband, to pay off this mortgage at about the times stated in the claim, which is the basis of this litigation; that both Catharine Nesbitt and Alexander Nesbitt said it was a loan by him to her; Catharine Nesbitt repeatedly said to the witness Adaline Smith, to whom the money was paid, in substance, that she was borrowing the money from her husband, Alexander Nesbitt, to pay the mortgage, and that she intended to pay him when she sold her farm. The record of Adaline Smith's testimony is long and many objections were interposed, but a careful reading of the record (not the abstract) will show that the substance of this claim was proved by this witness by testimony given in answer to questions to which no objections were made. The witnesses Charles Geiser and Mrs. Charles Geiser, his wife, testified to conversations of Catharine Nesbitt in which she said in substance that her husband loaned her the money to pay off the mortgage and that she had to pay, or would pay it back to him, so that the claim was proved by undisputed testimony. It also appears from the evidence that Alexander Nesbitt stated he would be satisfied if his wife paid him back $4,500. The judgment therefore, ought to stand unless it appears from the evidence that the amount loaned by Alexander Nesbitt to Catharine Nesbitt was repaid or released or waived in some valid way, or

unless there is found in the record reversible error on some of the points assigned. There was no error in the admission of the evidence to the effect that all legacies had been paid, and that Catharine Barkley was the only person interested in the suit, because that was admitted to be the fact by Catharine Barkley's counsel on the trial.

The admissions of one who is the sole party in interest are always competent. *McMillan v. McDill,* 110 Ill. 47; 1 Greenleaf on Evidence, par. 180.

There is no evidence in the record that Catharine Nesbitt and Alexander Nesbitt ever made an agreement by which in effect if Catharine Nesbitt would sign a contract for the sale of Alexander Nesbitt's farm, then that Alexander Nesbitt in consideration thereof would pay off said mortgage, aside from hearsay evidence, and therefore, the contract for a deed offered in evidence was not competent.

Ordinarily in the trial of a claim against an estate it is not material whether decedent died testate or intestate, or, if he made a will, what were the circumstances surrounding its execution, or whether or not an inventory has or has not been filed in the estate. We see nothing in the present claim that tends to take it out of the general rule. Neither the will of Catharine Nesbitt nor the inventory in her estate were material evidence on the question of whether she owed the money in question at the time of her death. Either the claim existed or did not exist independently of whether Catharine Nesbitt made a will or not and whether she had any property or not. We see nothing reversible in the rejection of any other evidence offered by appellant when the whole record is considered. No reversible error is seen in the admission or refusal to admit any of the evidence.

All of the instructions asked by appellant were given so that appellant is not in a position to claim that the jury were not fully instructed. *North Chicago City Ry. Co. v. Gastka,* 128 Ill. 613.

Complaint is made of the giving of the instructions for appellee. The fifth and sixth instructions are claimed to be bad because they directed a verdict and did not include all the elements necessary to a finding for the claimant. We think the instructions were based on the evidence and did not ignore any theory of defense of which there was any competent evidence offered. Under the authority of *West Chicago St. Ry. Co. v. Lieserowitz*, 197 Ill. 607, we hold the first in-struction to be good. No other instructions are complained of. We see no error in the giving of any of appellee's instructions.

The remittitur seems to have been formally entered and there was no error in allowing that. The evidence established the loaning of the money by Alexander Nesbitt to Catharine Nesbitt. There is no pretense that Catharine Nesbitt actually paid it in her lifetime or that her executrix paid it after her death, and there is no competent evidence of any agreement or arrangement between Alexander Nesbitt and Catharine Nesbitt by which the money was advanced for any other purpose than as a loan. The fact that hearsay evidence to the effect that Alexander Nesbitt advanced this money to Catharine Nesbitt in consideration of her signing a contract to sell certain land of his may have been admitted without objection does not establish the fact that either Alexander Nesbitt or Catharine Nesbitt ever so said or understood.

The judgment seems to be just under the evidence.

*Judgment affirmed.*

Upon consideration of a petition for a rehearing herein the following additional opinion was filed on October 9, 1913.

PER CURIAM: On the petition for rehearing it is claimed that the trial court erred in refusing to admit in evidence the inventory in the estate of Alexander Nesbitt, deceased, but we fail to find said inventory

incorporated in the bill of exceptions or anywhere in the record or any statement of its contents, and therefore we are unable to determine whether or not by reason of anything therein stated or omitted it was competent or material evidence.