Kleet v. Southern Illinois Coal & Coke Co., 197 Ill. App. 243.

---

## Fred Kleet, Appellee, v. Southern Illinois Coal & Coke Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon. Carl E. Sheldon, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Fred Kleet, plaintiff, against the Southern Illinois Coal & Coke Company, defendant, in the Circuit Court of Williamson county, to recover for personal injuries. From a judgment for plaintiff for five hundred dollars and costs, defendant appeals.

The first count of the declaration charged that it was the duty of the defendant to exercise ordinary care to provide plaintiff with a reasonably safe mule

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to drive, and that the defendant negligently provided him with an unruly, ungovernable and dangerous mule, in this, that the mule could not be safely handled by the driver on account of his disposition, and was likely to injure plaintiff by suddenly turning into rooms or crosscuts along said entry; that the defendant knew or by the exercise of ordinary care for plaintiff's safety could have known of the disposition of the mule, and would also have known of the danger to plaintiff of driving said mule by reason thereof. That defendant prior to the 28th day of May had elected not to provide and pay compensation under the Compensation Act, which is set forth in substance in the declaration; and had prior to said date filed notice of such election with the Industrial Board of the State of Illinois, and had not on said date withdrawn said notice. And then alleged in consequence of such election that defendant was deprived of the defenses specified in the statute.

The second count of the declaration alleged the same conditions as the first, and the same disposition of the mule, and then charged that the foreman of the defendant approached the mule with a large stick in his hand and began beating and striking the mule over the head with the stick and in consequence of the disposition of the mule, combined with the assault made on him by the foreman, said mule jammed plaintiff between the car and said mule, thereby breaking three ribs, etc.

The first additional count charged the furnishing of the same character of mule as set forth in the former counts, and then alleged that while plaintiff was driving the mule the foreman negligently stepped from one of said rooms and with a large stick in his hands frightened the mule, and, on account of its disposition that plaintiff was unable to control the mule and that its disposition, combined with the frightening by the foreman, caused the plaintiff to fall from his

position on the car, and he was thereby injured. This count also made substantially the same allegation as the other counts as to the defendant having elected not to operate under the Compensation Act.

It appeared that plaintiff had for several years been engaged in driving mules in coal mines and had been at work for the defendant as a driver for several months prior to his injury. On May 21, 1914, he was given a mule to drive in what was known as the first west entry off the third south entry. He drove the mule from about 8 a. m. until about 4 p. m., when he was injured. This mule was ungovernable and had a habit of turning off of the regular line and of pulling into rooms if he saw a light in the rooms, or frequently did so. The plaintiff knew nothing about this mule or of such habits, and it was the first day he had driven it. When the mule attempted to leave the track it frequently caused the car to be derailed, and drivers were unable to restrain him by the use of lines, claiming the mule would catch the bit in his teeth so that the lines would not check or guide him. During the day plaintiff drove the mule, he had turned out several times and derailed the car, and the last time was about twenty or thirty minutes before plaintiff was hurt. Mr. Dixon, assistant mine manager, was there present, and it is undisputed that plaintiff said to him: ''Joe, this mule ought to be taken off of this run, if he ain't he is going to kill or hurt some driver.'' After the plaintiff had described to Dixon the actions of the mule, Dixon said that he would stand at the room and keep the mule from turning into it. Plaintiff said that he ought not do that as it would cause the mule to hurt him. Later the mule again attempted to turn into a room and Dixon undertook to keep him out, and plaintiff claimed that Dixon came towards the mule with a stick when he turned in, but the mule turned out slackening the tail chain and pushing plaintiff off of the car, and in falling he

grabbed at the spreader strap but missed it and swung under the car which ran upon him and broke three ribs and otherwise injured him. Dixon denied that he stood in the room and frightened or struck the mule, or that the mule by reason of such fright turned and knocked plaintiff under the car. He claimed that plaintiff was looking back and fell off the tail chain and was hurt.

It further appeared in this case that at the time of and prior to the day of the injury the defendant had elected not to operate its mine under the Compensation Act.

The court gave the following instruction:

"The court instructs the jury that when a coal company employs an assistant mine manager and puts him to work to assist in managing its mine, that such assistant mine manager then becomes the vice-principal of such coal company, and his acts, in the scope of his authority as such assistant mine manager, bind the company; and you are further instructed that knowledge on the part of such assistant mine manager, received by him in his capacity as such assistant mine manager, in the scope of his duties as such, is the knowledge of the company; and if you believe, from the weight of the evidence, in this case that Joe Dixon, at and before the time plaintiff received his alleged injuries, was the assistant mine manager of the defendant, and further that the mule which plaintiff was driving at the time of his injuries, was dangerous for him to drive as alleged in plaintiff's declaration, and that the said Joe Dixon knew of the dangerous disposition of said mule which plaintiff was driving, if he was dangerous, then, and in that case, such knowledge would be the knowledge of the defendant."

Denison & Spiller, for appellant.

Neely, Gallimore, Cook & Potter, for appellee.

Fourth District—December, 1915.    247

Kleet v. Southern Illinois Coal & Coke Co., 197 Ill. App. 243.

Mr. Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

1. Workmen's Compensation Act, § 12*—*when declaration at common law for personal injuries sufficient after verdict.* In an action at common law to recover for personal injuries sustained by a servant since the enactment of the Workmen's Compensation Act of 1913, a declaration alleging that prior to the accident defendant had elected not to provide and pay compensation as provided by the statute, *held* sufficient after verdict without averment that the employer filed the notices required by the statute to be given of such election.

2. Workmen's Compensation Act, § 12*—*what is ultimate fact to be proved in action by servant for personal injuries at common law.* In order to maintain an action at common law to recover for injuries sustained by a servant since the enactment of the Workmen's Compensation Act of 1913, the ultimate fact to be proved is that defendant elected not to provide and pay compensation as provided by the statute.

3. Pleading, § 466*—*when declaration sufficient after verdict.* A declaration alleging the ultimate fact to be proved is good after verdict without other averments.

4. Pleading, § 28*—*when should not contain evidentiary matter.* Circumstances tending to prove the ultimate fact alleged have no place in the pleadings but are to be used for the purpose of evidence.

5. Workmen's Compensation Act, § 12*—*when averments as to election not to come under Workmen's Compensation Act insufficient.* In an action at common law to recover for personal injuries sustained by a servant since the enactment of the Workmen's Compensation Act of 1913, an allegation in the declaration that defendant filed with the Industrial Board the notice required by the statute of its election not to provide and pay compensation as provided by the statute without also alleging the posting of such notice, also required by the statute, if a necessary averment, must be regarded as an averment improperly or incompletely made.

6. Pleading, § 466*—*when defects or omission cured by verdict.* Defects, imperfections or omissions in any pleading, whether in substance or form, which would have been fatal on demurrer, are cured by verdict where the issue joined is that necessarily required, and where proof is made of the facts defectively or imperfectly stated or omitted, without which it is to be presumed that the verdict would not have been directed or given.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kleet v. Southern Illinois Coal & Coke Co., 197 Ill. App. 243.

7. PLEADING, § 466*—*when not presumed every essential fact alleged in declaration was proved.* After verdict the intendment is that every essential fact alleged in the declaration, or fairly implied from its allegations, were established on the trial, but where the declaration does not show a good cause of action there is no room for intendment or presumption.

8. MASTER AND SERVANT, § 550*—*when declaration at common law for personal injuries sufficient after verdict.* In an action at common law to recover for injuries sustained by a servant since the enactment of the Workmen's Compensation Act of 1913, where the declaration alleged in general terms the election of defendant not to provide and pay compensation as provided by the statute, and where the evidence showed that defendant had performed the acts necessary to effectuate its election as required by the statute, *held* that the declaration was good after verdict although it nowhere alleged that defendant posted notice of its election as required by the statute.

9. WORKMEN'S COMPENSATION ACT, § 2*—*how filing of notice with Industrial Board may be proved.* Proof of the filing of a notice with the Industrial Board in compliance with the Workmen's Compensation Act of 1913 is sufficiently made by proving a copy of the notice filed, certified by the secretary of the board and under its seal.

10. EVIDENCE, § 122*—*how contents of posted notice may be proved.* The contents of an inscription on a wall or of a notice posted thereon may be proved by the testimony of those who read such inscription or notice.

11. WORKMEN'S COMPENSATION ACT, § 2*—*how election not to come under act may be proved.* In an action at common law to recover for personal injuries sustained by a servant since the enactment of the Workmen's Compensation Act of 1913, where the declaration alleged that defendant elected not to provide and pay compensation as provided by the act, *held* competent to prove such election by a copy of the notice filed by defendant with the Industrial Board, certified by its secretary and under the seal of the board, and by the testimony of those who saw the notice posted as required by the statute and by a copy of the notice made by one who saw it.

12. TRIAL, § 213*—*when instruction takes count from consideration of jury.* Where a declaration contains several counts, one of which is not supported by evidence, an instruction that there could be no recovery under the unsupported count has the effect of taking such count away from the consideration of the jury.

13. TRIAL, § 213*—*when refusal of instruction that there can be

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.**

Kleet v. Southern Illinois Coal & Coke Co., 197 Ill. App. 243.

*no recovery on unsupported count not reversible error.* Where a declaration contains several counts, one of which is not supported by evidence, it is not reversible error to refuse an instruction that no recovery can be had on the unsupported count although such refusal may be erroneous, defendant not being prejudiced thereby, since in such case the presumption is that if a verdict is found for plaintiff, it is based on the counts which are supported by evidence.

14. TRIAL, § 247*—*when verdict on one sufficient count good.* Where one sufficient count in a declaration is sustained by evidence the verdict is good.

15. TRIAL, § 247*—*when verdict on one good and one poor count sustained.* A verdict finding defendant guilty on two counts, one sufficient and the other insufficient, will not be reversed although the court gave an instruction authorizing recovery on the insufficient count.

16. APPEAL AND ERROR, § 1563*—*when refusal of instruction to disregard count not reversible error.* In an action to recover for personal injuries sustained by a miner as the result of the alleged negligence of defendant's assistant mine manager in frightening the mule which plaintiff was driving at the time of the accident, causing the mule to turn, slackening the tail chain on which plaintiff was standing, and throwing plaintiff under the car, where the declaration contained several counts, one of which alleged that defendant's foreman struck the mule, which count was not supported by evidence, the refusal of an instruction that plaintiff could not recover under the unsupported count *held* not reversible error, although erroneous.

17. INSTRUCTIONS, § 11*—*when meaning of terms need not be explained.* In an action for personal injuries, the terms "proximate cause" and "accident" are not so technical as to make the failure to explain in instructions the meaning of the terms necessarily error.

18. MINES AND MINERALS, § 191*—*when instruction as to knowledge of disposition of mule not erroneous.* In an action to recover for injuries sustained by a miner as the result of the vicious disposition of a mule given him to drive, an instruction relating to defendant's knowledge of the disposition of the mule examined and *held* not objectionable, it appearing that the instruction did not direct a verdict, and that defendant's boss driver had notice of the disposition of such mule.

19. MASTER AND SERVANT—*when plaintiff entitled to instruction as to effect of defendant's failure to accept compensation act.* In an action at common law to recover for personal injuries sustained by a servant since the enactment of the Workmen's Compensation Act of 1913, where it appears that defendant elected not to pro-

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

vide and pay compensation as provided by the statute, plaintiff is entitled to an instruction advising the jury as to the defenses of which defendant was deprived by the statute as a result of its election.

20. INSTRUCTIONS, § 135*—*when necessary that instruction be requested.* A party desiring that the jury be instructed as to the evidence required to prove any disputed question of fact must ask for an instruction, and if he fails to do so cannot complain that none was given.

21. INSTRUCTIONS, § 154*—*when requested instruction may be modified.* It is not error to modify a requested instruction by making it more specific although the same general principle was covered by the instruction without the specific modification.

22. INSTRUCTIONS, § 151*—*when may be refused.* A party cannot complain of the refusal of instructions substantially given in other instructions.

23.· MINES AND MINERALS, § 180*—*when question whether assistant mine manager frightened mule for jury.* In an action for personal injury sustained by a miner as the result of the alleged negligence of defendant's assistant mine manager in frightening the mule which plaintiff was driving at the time of the accident, the question whether the assistant manager did frighten the mule as alleged is a question of fact to be determined by the jury.

24. MINES AND MINERALS, § 173*—*when evidence sufficient to sustain verdict.* In an action to recover for personal injuries sustained by a miner as a result of the alleged negligence of defendant's mine manager in frightening the mule which plaintiff was driving at the time of the accident, causing the mule to turn, thereby slackening the tail chain on which plaintiff was standing, and throwing him under the car, a verdict for plaintiff *held* not manifestly against the weight of the evidence.

25. APPEAL AND ERROR, § 1410*—*when verdict sustained on appeal.* On appeal it is the duty of the Appellate Court to sustain the verdict and judgment appealed from unless it can be said that such verdict and judgment are manifestly against the weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.