Nick Forte and Pasquale Forte, trading as Nick Forte & Brother, Defendants in Error, v. Simon Cohen, Plaintiff in Error.

Gen. No. 21,110.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed May 12, 1916. Rehearing denied May 24, 1916.

## Statement of the Case.

Action by Nick Forte and Pasquale Forte, trading as Nick Forte & Brother, plaintiffs, against Simon Cohen, defendant, to recover commissions for sale of real estate. To reverse a judgment in favor of plaintiffs, defendant prosecutes a writ of error.

The contention of the defendant in the court below was that he sold the property through his own efforts, and that the plaintiffs did not procure the purchaser for the same. The defendant and his wife both testified in his behalf, and during their examination the court refused to allow them to testify as to what was said and done by them directly with the purchaser of the property. The objection was that as the conversations took place out of the presence of the plaintiffs, they were not admissible. The plaintiffs sought to prove that they had procured the purchaser for the property, while the defendant sought to prove that he had obtained the purchaser himself.

HARRY G. WEXLER, for plaintiff in error.

LOUIS ZIMMERMAN, for defendants in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 85*—*when evidence as to negotiations of with purchaser admissible.* In an action by brokers against an owner of real estate for commissions for the sale thereof, the defendant may introduce evidence of negotiations by him with the purchaser in support of his defense that the sale was consummated through his efforts and not those of the plaintiffs.

2. INSTRUCTION, § 135*—*when party may not complain that instructions not given.* Where a party makes no request to the trial court therefor, he cannot complain on review that certain instructions were not given.

3. INSTRUCTIONS, § 126*—*when properly refused as abstract.* It is not error to refuse to give instructions stating abstract principles of law.