## Louis J. Oehler et al., Appellants, v. Andrew Serbian, Appellee.

1. INSTRUCTIONS—*duty of one desiring instruction to request it.* In an action by the heirs of an estate against their father's judgment debtor, to which he pleaded bankruptcy exemption and they replied for a new promise, the court is not required of its own motion to insert in an instruction that the jury find the issues on the attachment in favor of the defendant a cautionary instruction that this had nothing to do with the case's merits; after practically conceding there was no sufficient basis for the attachment, it was plaintiffs' duty, if they wished the cautionary instruction inserted, to present it to the court.

2. BANKRUPTCY—*to whom new promise reviving debt given.* A new promise of one discharged in bankruptcy to answer for a judgment obtained against him before the discharge, to make him liable therefor must be made to the party whom he owes or to the latter's agent or attorney.

3. BANKRUPTCY—*admissibility of evidence as corroborative of new promise.* The court was in error in striking testimony, in an action on a judgment obtained against a bankrupt before his discharge, that he had told a disinterested party that he intended to pay the judgment, for this tends to corroborate other testimony that the debtor made a promise to pay, after his discharge, to the executor of the judgment creditor's estate.

4. INSTRUCTIONS—*inapplicability to issues.* The only issue in an action by the estate of a judgment creditor against a bankrupt for judgment obtained before his discharge was that of discharge and the reply of a new promise, hence the court erred in instructing that all debts owing by the bankrupt prior to the bankruptcy were discharged thereby.

Appeal by plaintiffs from the Circuit Court of Alexander county; the Hon. A. E. SOMERS, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded. Opinion filed February 19, 1927.

CHARLES L. RICE and D. B. REID, for appellants.

M. J. O'SHEA and ASA J. WILBOURN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by Louis J. Oehler, as executor of the estate of William Oehler, deceased, against appellee in the circuit court of Alexander county, to recover the amount of a certain judgment rendered in favor of William Oehler in his lifetime against appellee.

The declaration consisted of the common counts and one special count, which said special count alleged that there had been an accounting between appellants and appellee, and that the amount found due on such accounting was $993.05. To said declaration appellee filed the general issue and a special plea, setting forth that on June 5, 1922, appellee was discharged as a bankrupt by the United States District Court. To said special plea appellant Oehler, as such executor, replied a new promise by appellee to pay said indebtedness, made after the issuance of said order. A trial was had, resulting in a verdict and judgment in favor of appellee. To reverse said judgment, appellants prosecute this appeal.

It developed on the trial that Louis J. Oehler had been discharged as the executor of said estate, and by leave of court appellants, the children and only heirs at law of said deceased, were substituted as parties plaintiff.

At the close of appellants' evidence, the court directed the jury to find the issues on the attachment in favor of appellee. It is the contention of appellants that this instruction should not have been given without a cautionary instruction to the effect that the giving of said instruction had nothing to do with the trial of the case on the merits. Appellants practically concede that there was no sufficient basis for the attachment in aid. This being true, if appellants felt that such an instruction should have been given, it was their duty to have presented the same to the court. It

was not necessary for the court to give such instruction of its own motion. *Illinois Cent. R. Co. v. Atwell,* 198 Ill. 200-204; *Chicago & A. Ry. Co. v. Hatfield,* 109 Ill. App. 556-559; *E. B. Conover & Co. v. Baltimore & O. S. R. Co.,* 212 Ill. App. 29-36. The court did not err in giving said instruction.

It is next contended by appellants that the court erred in excluding the testimony of the witness Dan F. McCarty, who testified on behalf of appellants to the effect that he had a conversation with appellee in the spring of 1924, in which appellee said, among other things: "He (appellee) told me he would pay him (William Oehler)." Counsel for appellee insists that the court did not err in excluding this evidence, for the reason that a new promise, in order to make a discharged bankrupt liable, must be made to the party to whom the indebtedness was owing, or to his agent or attorney.

This statement of the law governing promises of this character, we believe to be correct. 3 R. C. L. ¶ 147. We hold, however, that the court should not have stricken this testimony for the reason that it tends to corroborate other testimony in the record tending to show a definite promise to pay such debt, made by appellee to Louis J. Oehler, former executor of said estate.

In *St. John v. Stephenson,* 90 Ill. 82, there had been a discharge in bankruptcy of the party sued, and the question was as to whether there had been a binding promise made by the debtor to pay the debt, after such discharge. The court at page 84 had this to say with reference to the testimony of a third party:

"Appellee (the creditor) is corroborated by Ezra Chapman, whom appellant's counsel concede to be a most excellent and worthy man. Chapman says: ' * * * Mr. St. John was at my house, and in our conversation I asked him what he was going to do with

Stephenson, and if I recollect right he said he was going to pay him, or help him.' * * *

"On cross-examination Chapman said: 'He said, "I am going to pay, yes, I am going to help him." ' "

While the question of the admissibility of this evidence was not definitely raised, the court gave weight to it, and evidently deemed it to be competent. The conversation of a party to a suit, relative to the subject matter of the same, is admissible in evidence against him. *Morris v. Jamieson,* 205 Ill. 87.

It is next insisted by appellants that the court erred in giving to the jury the second instruction given on behalf of appellee, said instruction being as follows:

"You are instructed that the Final Discharge introduced herein and issued by the United States Bankrupt Court for the Eastern District of Illinois, is a bar or discharge of the defendant, Serbian, as bankrupt of all debts and obligations, and including the judgment or account of plaintiffs up to the time that the same was issued by said Bankrupt Court, and as to any judgment, claim or account of the said plaintiffs against the defendant Serbian up to and before that time, you will find that such Final Discharge is a full release and bar and no recovery can be had by the plaintiffs as to any such debts, claim or judgment or account, at or before the time the same was issued."

The only issue in this case was the issue made by the special plea, setting up appellee's discharge in bankruptcy, and the reply thereto, alleging a new promise. That being the state of the record, the giving of this instruction was clearly misleading. There was no occasion for instructing the jury that there was no liability on appellee's part to pay any obligations he might have owed prior to his discharge in bankruptcy. That was conceded, and was not an issue in the case. The issue was as to whether or not there had been a new promise. This instruction made no

reference whatever to the question of the liability of appellee, if a new promise had been made. Aside from the fact that the instruction is not applicable to the issues, it is involved and abstruse in its construction. We are of the opinion and hold that the court committed reversible error in giving the same.

We express no opinion on the weight of the evidence, further than to say that the evidence was conflicting, and that the instructions should have been accurate and applicable to the issues in the case.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*