**Herman R. Paulick, Appellant, v. National Bank of Republic et al., Appellees.**

**Gen. No. 37,371.**

Opinion filed February 13, 1935.

SCHOFIELD & WOOD, of Chicago, for appellant; FRANK SCHOFIELD and DAVID H. KRAFT, of Chicago, of counsel.

ARTHUR J. HUGHES, of Chicago, for appellees; R. A. BULLINGER, of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

The plaintiff is here on appeal from a judgment in favor of the defendant and against the plaintiff for costs entered by the court upon the verdict of a jury. The action is in assumpsit and was filed in the municipal court of Chicago by the plaintiff, seeking to recover from the defendants the sum of $3,614.10, based upon the rescission by the plaintiff of a sale to him of stock of the National Bank of Republic, a corporation, upon the ground that the plaintiff was induced to enter into the transaction with the defendants by fraud and misrepresentation.

The plaintiff alleges in his statement of claim that on November 24, 1930, and for many years prior thereto, he and the Dearborn Glass Company were customers and depositors of the National Bank of Repub-

lic; that the plaintiff frequently consulted the officials of the bank with reference to financial and banking advice, and reposed implicit confidence in the defendant and its officers.

It is further alleged in the statement of claim that on November 24, 1930, plaintiff was extended a special invitation by the defendant bank to purchase its shares of stock; that the defendants then and there represented to him that (1) the National Bank of Republic was then negotiating for a large merger; (2) that the National Bank of Republic was offering a limited number of its shares, in advance of said merger, to a few only of its select customers so as to demonstrate its appreciation for their past business, and that plaintiff was being regarded as one of such customers; (3) that the then actual book value of said stock was over $200 per share; (4) that the stock was earning in excess of $15 per share; and that after the merger had been completed, the value of the same stock would be about $500 per share; that by reason of said representations and confidence, plaintiff was induced to and did purchase from defendants, 50 shares of stock for $4,950; that, thereafter, about July 15, 1932, he discovered for the first time that all the foregoing representations were false and untrue, notified defendants of his election to rescind and demanded the return to him of $3,614.10, which he had paid on account of the said purchase price.

Each of the defendants filed a separate affidavit of merits. The defendant National Bank of Republic admitted that plaintiff had been a customer of the bank, but denied that it made through its officer Mentz any false statements relative to the value of the stock bought by the plaintiff from Otte & Company, a corporation, and further denied that it received any money from the plaintiff; and denied that it made through any of its officers or agents any statements to the plaintiff. Otte & Company, a corporation, one of the de-

fendants, admitted that the plaintiff had contracted with it for the purchase of the shares of stock in question, but denied that it made any statements to the plaintiff relative to the value of the stock. All the defendants denied that there was a privity of contract between the parties, and denied that any false statements were made to the plaintiff, and that Otte & Company, one of the defendants, admitted that it received money from the plaintiff.

Upon the trial of this cause, the plaintiff and Robert R. Mentz, an officer of the defendant bank, were the only witnesses who appeared and testified. The plaintiff testified that when he appeared at the bank on November 24, 1930, upon invitation, Mentz stated to him the book value of the stock was $200 per share; its earnings in excess of $15 per share, a merger was pending, and the sale was open to only a few good customers of the bank. Plaintiff's Exhibit 1, which is in evidence, shows the book value at the time and the earnings of the stock at the date of the sale, to be $37 and $4.50 per share, respectively. The plaintiff also testified that he purchased the stock from Otte & Company, and what money he paid for the stock was paid when he purchased the same through Otte & Company.

Mentz, when called as a witness, testified he was employed by the National Bank of Republic, of Chicago, and that he told the plaintiff the market price of the stock at the time was approximately $100 a share, the book value approximately $40 a share, the earnings $4 to $5 a share, and the dividends $3.20 per share, but denied that he told the plaintiff the National Bank of Republic of Chicago was then negotiating a large merger, and the then book value of the stock was $200 per share, or that the stock was earning in excess of $15 per share, and denied he stated to him that after the contemplated merger the stock would be worth about $500 per share.

The jury were instructed orally by the court at the close of the hearing, and returned a verdict for the defendants. The court entered judgment on the verdict after denying the motion for a new trial entered by the plaintiff.

The plaintiff contends that there was manifest and prejudicial error in the charge by the court to the jury that the burden was upon the plaintiff to prove the fraud alleged against the defendants by such clear and convincing evidence that the minds of the jury were well satisfied, beyond doubt, that the fraud in issue was true. In support of his contention he states the rule of law that controls in actions of fraud and misrepresentation, whether at law or in equity which is, where the plaintiff proves that the contract in question was executed during the period of a fiduciary or confidential relationship, such transaction is prima facie voidable. The burden of proof thereupon rests upon the defendant in whom confidence has been reposed, to show by clear and convincing evidence that the contract in question was fair, equitable, beneficial to the plaintiff, and was not against good conscience. Citing a number of cases.

The defendant, however, in reply, contends that where no special objections were made to the instructions, or any part thereof at the time they were given, complaint cannot be made that the trial court erred in its oral instructions, and that no objection having been made by the plaintiff to the giving of the instruction before the jury retired for the purpose of considering a verdict, the plaintiff is not now in a position to complain.

Defendants raise the point that objections should have been made to the instructions of the court by the plaintiff before the jury retired to consider its verdict, as required by the rule of the municipal court, which provides that objections must be made in order that

the court may make corrections or modify the instructions already given. The plaintiff contends however that this rule is not before this court, for the reason that it is not incorporated in the record, and before this court can consider such rule it must be a part of the record. Plaintiff's contention is well founded, unless the Appellate Court can properly take judicial notice of the rules of a court of inferior jurisdiction upon an appeal or writ of error, provided for by statutory rule. From an examination of the statute of this State, we find the Legislature in 1931 amended par. 58, ch. 51 (Cahill's Ill. Rev. St. 1933) of an act entitled "Judicial Notice" which is as follows:

"Upon the review by any court of appellate jurisdiction by appeal, writ of error or otherwise, of a judgment, order or decree of an inferior court such court of appellate jurisdiction shall take judicial notice of all matters of which such inferior court was required to take judicial notice, including all rules of practice adopted by such inferior court, or in case of the review by the Supreme Court of a judgment, order or decree of an Appellate Court, the Supreme Court shall take judicial notice as well of all matters of which the court of original jurisdiction was required to take judicial notice as of the rules of practice adopted by the court of original jurisdiction, the judgment, order or decree of which has been reviewed by such Appellate Court."

This section was amended to meet the objection made in the opinion of the Supreme Court in the case of *Sixby v. Chicago City Ry. Co.*, 260 Ill. 478. Under the amended section this court takes judicial notice of the rules adopted and in force that apply to the practice of all courts of inferior jurisdiction. The rule adopted by the municipal court of Chicago applicable to the question in the record, which requires that objections be made to instructions before the jury retires to consider their verdict, is as follows:

"Rule 171. Objections to the charge must be made before the jury retire and must specifically point out wherein the part objected to is erroneous and the party objecting must indicate clearly the correction therein desired to be made, and upon the objections being made the judge may make such corrections as he may deem proper."

The purpose of the rule is to enable the trial court to make necessary corrections if proper objections are made, and unless the party complaining makes objections and the same appear in the record, he waives his right to complain. It does not appear from the record that the plaintiff tendered to the trial judge requests in writing for specific instructions to the jury as to matters of law, which is required by Rule 170, adopted by the municipal court of Chicago, and these requests are to be presented before the commencement of argument of counsel, or within such time as the court may permit.

Plaintiff, however, contends that where the errors go to the very foundation of plaintiff's recovery and wholly control the verdict, such errors should, in the interests of substantial justice, be reviewed by this court, with or without exceptions to the ruling of the trial court.

While the position of the plaintiff is true, in part, failure to except may not always deprive a litigant of the right to be heard where objection is made at the proper time to the alleged improper ruling of the trial court. But to say that where no objection or exception is taken to an improper ruling this court should consider such ruling on appeal, would tend to confusion rather than to an orderly disposition of litigation. A litigant cannot stand by and permit improper evidence or ruling of the court to take place during the course of a trial without making known his objections, and unless he does this he cannot for the first time in this

court question the ruling of the trial court because he is not satisfied with the judgment. There are numerous authorities of courts of appellate jurisdiction upon the failure of a party litigant to request instructions, and the rule generally supported by the authorities is that a party cannot complain that an instruction was not given where he does not show that the court was requested to give the instruction and refused to do so. *City of Chicago v. Hogan,* 80 Ill. App. 344; *Chicago & Alton Ry. Co. v. Hatfield,* 109 Ill. App. 556; *Treptow v. Montgomery Ward & Co.,* 153 Ill. App. 422; *Forte v. Cohen,* 199 Ill. App. 462; *Grier v. Barkley,* 182 Ill. App. 541.

Upon a somewhat analogous question, the Supreme Court in the case of *Illinois Cent. R. Co. v. Atwell,* 198 Ill. 200, upon the failure of a party litigant to act, or to present instructions to obviate certain objections, said:

"Defendant might have prevented such evidence going to the jury, but made no objection to it and did not prepare or ask for any instruction with respect to it. It was not the duty of the court, of its own motion, to instruct the jury specially for the purpose of obviating the effect of evidence admitted without objection. Defendant might have asked and obtained such proper instructions concerning the evidence, or its proper relation to the question of damages, as it saw fit."

This court in the case of *Kleet v. Southern Illinois Coal & Coke Co.,* 197 Ill. App. 243, held that a party desiring that the jury be instructed as to the evidence required to prove any disputed question of fact must ask for an instruction, and if he fails to do so cannot complain that none was given.

The plaintiff also objects to certain evidence admitted by the court, upon the ground that it was repetition when given in rebuttal, and that the court should have excluded the evidence offered to prove a conceded

fact. We have considered the objection to the evidence and are of the opinion that there was no reversible error in the ruling of the trial court upon the admissibility of evidence.

From the whole record as we have it before us, we find no error such as would justify a reversal of the judgment in this case. Accordingly, the judgment is affirmed.

*Judgment affirmed.*

WILSON and HALL, JJ., concur.